Palmer *v.* Standard Life & Accident Ins. Co.

5-3352 383 S. W. 2d 285

Opinion delivered November 2, 1964.

*Lohnes T. Tiner, Ward & Mooney,* for appellant.

*Henry S. Wilson,* for appellee.

Sam Robinson, Associate Justice. On May 1, 1962, the appellee, Standard Life & Accident Insurance Company, issued to the Mid-South Grain Company, Inc., a group accident and health policy of insurance. In connection therewith, it issued and delivered to appellant, Harry C. Palmer, as an employee of the grain company, its certificate of insurance No. 0248 under the group policy.

On June 7, 1962, Palmer was injured. Later he filed a claim with the insurance company for benefits under the terms of the policy in the sum of $1,724.29. The insurance company denied liability; Palmer filed suit. The trial court directed a verdict in favor of the insurance company on the theory that the undisputed evidence shows that Palmer was not an employee of the grain company and therefore, under the terms of the policy, could not recover. Palmer has appealed.

The policy provides: The insurance company "Certifies that a Group Accident and Health Policy has been issued to the Employer shown below, and that the Employee named herein became eligible for benefits, subject to the terms of the Policy, on the Effective Date indi-

cated . . . provided that on the Effective Date shown above he is then regularly performing the duties of his occupation; otherwise the Effective Date shall be the date of his return to active duty.''

The provision that on the effective date of the policy, May 1, 1962, the insured must be performing the duties of his occupation does not mean that he insured must be actually working at his job with the grain company at the time he is injured, because the policy excludes from its coverage ''bodily injury arising out of or in the course of employment.''

Palmer operated a crop dusting service whereby he used airplanes to dust crops with insecticides and fertilizer. The grain company sold the material used in dusting the crops. Palmer had a working arrangement with the grain company whereby he promoted the sale of the commodities the grain company had for sale, and the grain company made collections from farmers for Palmer for his work in dusting the crops. In fact, the grain company made most of the collections for work done by Palmer; about 90% was collected by the grain company; they even made collections for him where they had not sold the material used in dusting the crops, and in some instances they paid Palmer even though the farmer did not pay the grain company.

At the time of the issuance of the policy, evidently the insurance company, the grain company, and Palmer all thought that Palmer was an employee of the grain company within the meaning of the policy. Palmer is designated as an employee in the policy. There is no showing that on the date Palmer was injured his situation with the grain company was any different than it was at the time of the issuance of the certificate of insurance to him in which he is designated as an employee. There is no explanation of why the insurance company considered Palmer as an employee of the grain company at the time of the issuance of the certificate to him, but did not consider him to be such an employee at the time he was injured.

Appellee cites *Aetna Life Insurance Co.* v. *Carroll,* 188 Ark. 154, 65 S.W. 2d 25, as sustaining the view that Palmer was not an employee at the time he was injured, but in that case Carroll worked for the Terry Food Stores, Inc. up to May 31, 1932, at which time he was discharged. He died June 17, 1932. The policy provided that it terminated automatically at the end of the policy month in which the employee terminated.

Appellee also relies on *Armour & Co.* v. *Rice,* 199 Ark. 89, 134 S.W. 2d 529. In that case Rice sued Armour for personal injuries, alleging that at the time he was injured he was an employee of Armour. This court held that there was no substantial evidence to show that Rice was an employee of Armour. There, the court quoted from Labatt on Master and Servant as follow: " 'employee' is defined as 'a person employed to do certain work for another under the express or implied terms of an agreement between them, and the master is to have the right to exercise control over the performance of the work, to the extent of prescribing the manner in which it shall be executed.' "

Even if it should be considered that the foregoing definition is applicable here, there is no showing that Palmer did not come within that definition as an employee in promoting sales for the grain company. The great weight of authority is that the term "employment", as used in a policy of group insurance, refers to a status rather than to a contractual relationship. *John Hancock Mutual Life Ins. Co.* v. *Pappageorgu,* 24 N.E. 2d 428. See annotation 68 A.L.R. 2d 35.

Reversed and remanded.